**NO. 25-10896-DD**

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**
*Appellee,*

**v.**

**HERNAN MOJICA-RENTERIA**,
*Appellant.*

---

**On Appeal from the United States District Court for the Southern District of Florida**

---

# INITIAL BRIEF OF THE APPELLANT HERNAN MOJICA RENTERIA

---

**HECTOR DOPICO**
**Federal Public Defender**
**BRENDA G. BRYN**
**Assistant Federal Public Defender**
**Attorney For Appellant**
**1 E. Broward Blvd., Suite 1100**
**Fort Lauderdale, Florida 33301**
**Telephone No. (954) 356-7436**

**THIS CASE IS ENTITLED TO PREFERENCE (CRIMINAL APPEAL)**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

### United States v. Hernan Mojica-Renteria Case No. 25-10896-DD

Appellant, Hernan Mojica-Renteria, files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Brannon, Honorable Dave Lee, Former United States Magistrate Judge

Bryn, Brenda G., Assistant Federal Public Defender

Dopico, Hector A., Federal Public Defender

Hopkins, Honorable James M., Former United States Magistrate Judge

Lapointe, Markenzy, Former United States Attorney

Marra, Honorable Kenneth A., United States District Judge

Matthewman, Honorable William, United States Magistrate Judge

Matzkin, Daniel, Assistant United States Attorney

McMillan, John C., Assistant United States Attorney

Mojica-Renteria, Hernan, Appellant/Defendant

O'Byrne, Hayden, United States Attorney

Rosen-Evans, Robin, Former Assistant Federal Public Defender

Ryskamp, Honorable Kenneth L., Former United States District Judge

United States of America, Plaintiff/Appellee

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .................................................... C-1

TABLE OF CITATIONS ....................................................................vii

STATEMENT REGARDING ORAL ARGUMENT ...............................xiii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION .........................................................................xiv

STATEMENT OF THE ISSUES............................................................ 1

STATEMENT OF THE CASE .............................................................. 3

Course of Proceedings, Statement of Relevant Facts, and Disposition in the District Court .................................................... 3

The Charges ......................................................................................... 3

The § 851 Information............................................................................ 4

The Plea................................................................................................ 4

The Pre-Sentence Investigation Report (PSI), Mr. Mojica-Renteria's Objections, and the Government's and Probation's Responses ............................................................................................ 5

The Sentencing...................................................................................... 8

The Motion to Reduce Sentence Pursuant to § 3582(c)(2) ............ 10

The Reassignment of the Case to Judge Marra ............................ 11

The Motion to Reduce Sentence Pursuant to § 3582(c)(1)(A) ....... 11

Standards of Review ..................................................................... 27

SUMMARY OF THE ARGUMENT ........................................................ 28

ARGUMENT AND CITATIONS OF AUTHORITY ................................ 32

I. The district court erred as a matter of law in finding Mr. Mojica-Renteria had not shown "extraordinary and compelling reasons" for a reduction under U.S.S.G. § 1B1.13(b)(6) because he remained a Career Offender under the current Guidelines, when the opposite is the case, and as a non-Career Offender he would face a substantially reduced advisory Guideline range today ................................................... 32

A. *Dupree* clarified that Guideline commentary may not broaden the unambiguous language of a Guideline, and there is no dispute that § 856 is broader than the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b)(1). ......................................................................... 35

B. The district court erroneously agreed with the government that a § 856 conviction is "essentially aiding

and abetting a controlled substance offense," which is itself a "controlled substance offense" under new § 4B1.2(d). ........................................................................... 37

C. The sentence Mr. Mojica-Renteria would receive as a non-Career Offender today is "unusually long" and "grossly disparate" to the 292-month sentence imposed by the district court in 2014. ................................................ 46

II. The district court abused its discretion in denying Mr. Mojica-Renteria's motion also under 18 U.S.C. § 3553(a), without properly considering the relevant factors and his arguments as to those factors ........................................................................ 51

A. The district court's order provides no assurance the court understood intervening changes in the law affecting both the statutory and guideline minimum at the original sentencing directly impact specifically-mandated § 3553(a) factors. ................................................ 51

B. The order likewise does not confirm the district court engaged in "reasoned consideration" of Mr. Mojica-Renteria's individualized arguments for a reduced

sentence under 18 U.S.C. § 3553(a)—including that he was not a danger to anyone in our community since he will be deported—as none of his individualized arguments were acknowledged, let alone addressed. .......... 56

CONCLUSION .......... 64

CERTIFICATE OF COMPLIANCE .......... 65

CERTIFICATE OF SERVICE .......... 66

## TABLE OF CITATIONS

**<u>Cases</u>**

*Concepcion v. United States*,

597 U.S. 481 (2022) .................................................................... 33

*Kisor v. Wilkie*,

588 U.S. 588 (2022) .................................................................... 42

*Radlax Gateway Hotel, L.L.C. v. Amalgamated Bank*,

566 U.S. 639 (2012) .................................................................... 45

*Rita v. United States*,

551 U.S. 338 (2007) ..................................................... 42, 57-58, 63

*Stinson v. United States*,

508 U.S. 36 (1993) ............................................................... 42, 44

*United States v. Allen*,

2024 WL 631609 (N.D. Ga. Feb. 12, 2024) ............................ 17, 41

*United States v. Aruda*,

993 F.3d 797 (9th Cir. 2021) ......................................................... 27

*United States v. Brown*,

415 F.3d 1257 (11th Cir. 2005) ..................................................... 27

*United States v. Bryant*,

996 F.3d 1243 (11th Cir. 2021) ..................................................... 33

*United States v. Carswell*,

No. 03-cr-60264-CMA,

DE 357 (S.D. Fla. May 10, 2024) .................................16-17, 48-49

*United States v. Cook*,

998 F.3d 1180 (11th Cir. 2021) ............................. 27, 51, 55, 58-61

*United States v. Dupree*,

57 F.4th 1269 (11th Cir. 2023) (en banc)........... 1, 14-15, 19-20, 25,

..................................................................28-30, 34-38, 41-44, 46-55

*United States v. Eggersdorf*,

126 F.3d 1318 (11th Cir. 1997) ..................................................60

*United States v. Evans*,

759 F. Supp. 3d 1247 (S.D. Fla. 2024) ................................... 23, 61

*United States v. Garcia*,

2024 WL 1661120 (M.D. Tenn. Apr. 16, 2024) ............22-23, 53-54

*United States v. Giron*,

15 F.4th 1343 (11th Cir. 2021) ....................................................27

*United States v. Handlon*,

97 F.4th 829 (11th Cir. 2024) ......................................................27

*United States v. Jones*,

962 F.3d 1290 (11th Cir. 2020) ...................................................55

*United States v. Lizarraras-Chacon*,

14 F.4th 961 (9th Cir. Sept. 23, 2021) .................................. 52, 56

*United States v. Nava*,
2023 WL 8281596 (D. Mont. Nov. 30, 2023) .......................... 15, 49

*United States v. Samuel*,
823 F. App'x 880 (11th Cir. Aug. 20, 2020) .................................55

*United States v. Sears*,
No. 03-cr-60144-KAM, DE 284:3 (S.D. Fla. July 10, 2025)...........34

*United States v. Shaw*,
957 F.3d 734 (7th Cir. 2020) .......................................................53

*United States v. Stevens*,
997 F.3d 1307 (11th Cir. 2021) ....................................................58

*United States v. Taylor*,
648 F.3d 417 (6th Cir. 2011) .......................................................53

*United States v. Taylor*,
733 F. Supp.3d 1370 (S.D. Fla. 2024) ...........................................22

*United States v. Vasquez*,
No. 05-cr-20792-COOKE, DE 448 (S.D. Fal. June 21, 2021) ........61

*United States v. Yeary*,
No. 10-cr-80159-KAM, DE 214 (S.D. Fla. June 11, 2024).............34

**<u>Statutes</u>**

8 U.S.C. § 1326(a).........................................................................3

8 U.S.C. § 1326(b)(2).....................................................................3

18 U.S.C. § 924(e)(2)(A)..............................................................14

18 U.S.C. § 3231 .......................................................................... xiv

18 U.S.C. § 3553(a) ................ 1, 9, 12, 18, 22, 26-27, 31, 51, 53, 55-59, 63

18 U.S.C. § 3553(a)(1) .............................................................. 52-53

18 U.S.C. § 3553(a)(2)(A) ................................................................. 53

18 U.S.C. § 3553(a)(2)(B) .............................................................. 2, 62

18 U.S.C. § 3553(a)(2)(C) .......................................................... 2, 31, 62

18 U.S.C. § 3553(a)(4)(A) ..................................................... 1, 22, 31, 54

18 U.S.C. § 3582(c)(1)(A) .......................... 11, 21, 27, 32-33, 51, 58-60, 63

18 U.S.C. § 3582(c)(2) ......................................................... 10, 51, 56

21 U.S.C. § 841(a)(1) ........................................................................ 3

21 U.S.C. § 841(b)(1)(A) ...................................................... 3-4, 12-13

21 U.S.C. § 841(c)(1) .......................................................... 39, 41, 44

21 U.S.C. § 843(a)(6) ........................................................................ 39

21 U.S.C. § 843(b) ............................................................... 39-41, 44

21 U.S.C. § 846 ................................................................................. 3

21 U.S.C. § 851 ............................................................ 4, 12-14, 54

21 U.S.C. § 856 ........ 1, 7-8, 15, 19-21, 25, 28-30, 35, 37-39, 41-44, 46, 50

21 U.S.C. § 856(a)(2) ....................................................... 6, 14, 36

28 U.S.C. § 1291 .............................................................................. xiv

46 U.S.C. § 70503(a) ......................................................................... 40

46 U.S.C. § 70506(b) ......................................................................... 40

First Step Act of 2018 .......... 11, 24

First Step Act of 2018, Section 401 .......... 12-13, 24

Fla. Stat. § 893.13(1)(a) .......... 4

**Guidelines, Rules and Other Authority**

Fed. R. App. P. 32 .......... 65

U.S.S.G. § 1B1.3(a) .......... 46

U.S.S.G. § 1B1.13 .......... 11, 33, 53

U.S.S.G. § 1B1.13(b) .......... 33

U.S.S.G. § 1B1.13(b)(6) .......... 1, 11, 17, 24, 28, 30-34, 49

U.S.S.G. § 2D1.1 .......... 47

U.S.S.G. § 2D1.1(a)(5) .......... 5

U.S.S.G. § 4A1.1(d) (2014) .......... 6

U.S.S.G. § 4B1.1 .......... 6, 14

U.S.S.G. § 4B1.2 .......... 8, 39-40

U.S.S.G. § 4B1.2(b) .......... 1, 7-8, 19, 25, 36-37

U.S.S.G. § 4B1.2(b)(2) .......... 40

U.S.S.G. § 4B1.2(c) (2023) .......... 40

U.S.S.G. § 4B1.2(d) (2023) .......... 19-20, 29, 35, 37-38, 40-41, 44, 46, 50

U.S.S.G. § 4B1.2(e) (2023) .......... 41

U.S.S.G. § 4B1.2, comment. n.1 (2014) .......... 8, 24-25, 28, 37-40

U.S.S.G. § 4B1.2, comment. n.1 (Nov. 1, 2023) .......... 19-20, 29-30, 35, 37-39, 40-41

U.S.S.G., amend. 798 (Nov. 1, 2014) .................................... 10, 15, 21, 24

U.S.S.G., amend. 814 (Nov. 1, 2023) ................................................ 11, 32

U.S.S.G., amend. 822 (Nov. 1, 2023) ......................1, 20, 25, 29, 35, 39, 43

U.S.S.G., amend. 822 (Nov. 1, 2023)
("Reason for Amendment") ............................................. 20, 29-30, 41-44

A. Scalia & B. Garner,
*Reading Law: The Interpretation of Legal Texts* (2012) ........... 44-45

CBP Releases May 2024 Monthly Update, available at
https://www.cbp.gov/newsroom/national-media-release/cbp-releases-may-2025-monthly-update (last accessed, July16, 2025) ........................................................................................ 62

U.S. Sentencing Commission, The Effects of Aging on Recidivism Among Federal Offenders (Dec. 7, 2017), available at
https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders .................................... 23

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Mojica-Renteria respectfully submits that oral argument is necessary to the just resolution of this appeal and will significantly enhance this Court's decision-making process.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with an offense against the laws of the United States. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which confers jurisdiction on the courts of appeals from final decisions of the district courts. This appeal was timely filed on March 17, 2025, from the final order denying Mr. Mojica-Renteria's motion to reduce his sentence, entered on March 4, 2025 (DE 87), which disposed of all claims between the parties to this appeal.

## STATEMENT OF THE ISSUES

I. Whether the district court erred as a matter of law in holding Mr. Mojica-Renteria had not shown extraordinary and compelling reasons for a sentence reduction under U.S.S.G. § 1B1.13(b)(6) based on the intervening decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), because that decision would not result in a non-Career Offender sentence today, even though one of his two Career Offender predicates—a conviction under 21 U.S.C. § 856—was at the time of sentencing, and still is (even after Amendment 822), listed as a "controlled substance offense" in the commentary to U.S.S.G. § 4B1.2, which is broader than and not included in the unambiguous definition of "controlled substance offense" in § 4B1.2(b).

II. Whether the district court abused its discretion in also denying Mr. Mojica-Renteria's motion for reduction in sentence under 18 U.S.C. § 3553(a), when (1) there is no assurance from its order that the court understood a reduction in the statutory minimum mandatory was a factor that significantly impacted several § 3553(a) factors, (2) the court did not weigh the correct (non-Career Offender) Guideline calculation under current law, as mandated by § 3553(a)(4)(A); and (3) the court did

not acknowledge any of Mr. Mojica-Renteria's individualized arguments in mitigation, including that his eventual deportation was a factor militating against the need for his 292-month sentence to be maintained to "afford adequate deterrence to criminal conduct" under § 3553(a)(2)(B), and to "protect the public from further crimes of the defendant" under § 3553(a)(2)(C).

## STATEMENT OF THE CASE

The appellant, Hernan Mojica-Renteria, was the defendant in the district court and will be referred to by name. The appellee, United States of America, will be referred to as the government. The record will be noted by reference to the volume number, document number, and page number of the Record on Appeal as prescribed by the rules of this Court.

The Appellant, Hernan Mojica-Renteria, is currently incarcerated serving a 292-month term of imprisonment. As a non-citizen from Mexico, he is facing deportation upon release from custody.

### Course of Proceedings, Statement of Relevant Facts, and Disposition in the District Court

### The Charges

On November 12, 2013, a federal grand jury in the Southern District of Florida charged Hernan Mojica-Renteria with conspiracy to possess with intent to distribute a controlled substance, namely, at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1); knowingly attempting to distribute that same amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A) (Count 2); and being a previously-deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (DE 13).

## The § 851 Information

On November 21, 2013, the government filed an information to secure the enhanced penalties under 21 U.S.C. § 851 based on Mr. Mojica-Renteria's prior conviction in 2008 for possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13(1)(a). (DE 20). The government attached a certified judgment for that conviction, and notified the Court and Mr. Mojica-Renteria in the information that it would rely on that single "felony drug offense" to seek the increased punishment of 20 years-life under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851. (DE 20).

## The Plea

After the filing of that § 851 information, Mr. Mojica-Renteria signed a plea agreement with the government, in which he agreed to plead guilty to Counts 1 and 3, with the government agreeing to dismiss Count 2, and recommend a reduction for acceptance of responsibility at sentencing. (DE 24, ¶¶ 3-4). The plea agreement specified the statutory penalties Mr. Mojica-Renteria faced as: 20-life on Count 1, and up to 20 years imprisonment on Count 3. In addition, the plea agreement noted, Mr. Mojica-Renteria agreed that because he was not a U.S. citizen, his conviction in the instant case would subject him to deportation and/or

removal from the United States after he finished his sentence of imprisonment. (DE 24, ¶ 5).

At the December 13, 2013 plea colloquy, the court found Mr. Mojica-Renteria had knowingly and voluntarily entered an informed plea, accepted his plea to Counts 1 and 3, and adjudicated him guilty of those counts. (DE 45).

**The Pre-Sentence Investigation Report (PSI),**
**Mr. Mojica-Renteria's Objections,**
**and the Government's and Probation's Responses**

In the PSI, the Probation Officer calculated Mr. Mojica-Renteria's base offense level for Count 1, the methamphetamine conspiracy offense, under § 2D1.1. Pursuant to § 2D1.1(a)(5), Probation advised, he faced an adjusted offense level of 38, as his offense involving a conspiracy to possess with intent to distribute 1.5 kilograms or more of "Ice." (PSI, ¶¶ 20, 25). With an adjusted offense level of 24 on Count 3, the illegal reentry count (PSI, ¶ 24), under the multi-count adjustment he faced a combined adjusted offense level of 38. (PSI, ¶¶ 32-37).

And indeed, Probation noted, Mr. Mojica-Renteria actually faced the same offense level of 38 as a Career Offender. (PSI, ¶ 38). He qualified as a Career Offender, Probation advised, because his instant

drug offense (Count 1) qualified as a "controlled substance offense." And, in its view, his March 6, 2008 Florida conviction for possession of cocaine with intent to sell, and his July 8, 2009 federal conviction (in Case No. 080-80140-cr-Ryskamp) for "managing and controlling a place knowingly used to manufacture cocaine base" in violation of 21 U.S.C. § 856(a)(2) (PSI, ¶ 38; Addendum) qualified as "controlled substance offenses" as well. (PSI, ¶ 38). Subtracting 3 levels for acceptance of responsibility (PSI, ¶¶ 39-40), Mr. Mojica-Renteria's total recommended offense level was 35. (PSI, ¶ 41).

Although Mr. Mojica-Renteria had only four criminal history points, Probation added two points pursuant to former § 4A1.1(d) because he committed the instant offense while serving a term of supervised release. (PSI, ¶ 45-46). Although he scored out to a Criminal History Category III with either 4 or 6 criminal history points (PSI, ¶ 47), as a Career Offender his Criminal History Category automatically rose to a VI. (PSI, ¶ 48, noting that as per §4B1.1, "a career offender's criminal history category in every case shall be VI"). With a total offense level of 35 after a 3-level reduction for acceptance of responsibility, and a Criminal History Category of VI, Probation concluded, Mr. Mojica-

Renteria's advisory Guideline range was 292-365 months imprisonment. (PSI, ¶ 71).

Defense counsel objected to Mr. Mojica-Renteria's designation as a Career Offender (DE 30), arguing *inter alia* that his conviction under 21 U.S.C. § 856, for maintaining a drug premises, was not a "controlled substance offense." (DE 30:1-2). Counsel noted that such an offense did not meet the definition in § 4B1.2(b) (a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, … or the possession of a controlled substance … with intent to manufacture, import, export, distribute, or dispense"), because § 856 makes it unlawful to "manage or control any place … for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance." And, counsel noted, § 4B1.2(b) did not include simply "storing" a controlled substance. (DE 30:2).

The government notably did *not* dispute that this meant the conviction was overbroad vis-à-vis the Guideline definition of "controlled substance offense" under the categorical approach. However, the government responded, Mr. Mojica-Renteria's § 856 conviction nonetheless qualified as a "controlled substance offense" pursuant to

Application Note 1 of the commentary to § 4B1.2 where it was specifically listed as a "controlled substance offense." *See* DE 31:12-13 (arguing that "the defense conveniently ignores Commentary Application Note 1 to U.S.S.G. § 4B1.2(b), which plainly states that: "Maintaining any place for the purpose of facilitating a drug offense (21 U.S.C. § 856) is a 'controlled substance offense' if the offense of conviction established that the underlying offense (the offense facilitated) was a 'controlled substance offense.'" U.S.S.G. § 4B1.2 comment (n.1)).

In the PSI Addendum, Probation agreed that the § 856 conviction in question qualified as a "controlled substance offense" based on Application note 1, of the commentary to § 4B1.2. (DE 32-1:2).

**<u>The Sentencing</u>**

At the March 27, 2014 sentencing, defense counsel reasserted her objection to counting the § 856 conviction as a "controlled substance offense," adding that this particular statute was indivisible and overbroad vis-à-vis the "controlled substance offense" definition in § 4B1.2, because § 856 criminalized using a premises to both store and use a controlled substance—neither of which was conduct included in the Guideline definition. (DE 40:5-8). The court (former District Judge

Kenneth Ryskamp), however, stated that it had read both parties briefs and overruled that objection "because I think that is the state of the law." (DE 40:4).

Based on that ruling, the parties agreed that Mr. Mojica-Renteria faced an advisory Guideline range of 292-365 months imprisonment. (DE 40:4). In her § 3553(a) argument, counsel sought a sentence at the 240-month minimum mandatory for Count 1, in light of several factors including that Mr. Mojica-Renteria would have to be deported at the end of his sentence, and a term of 20 years would be more than adequate to protect the public and deter him from committing further crimes. (DE 40:13-14).

Judge Ryskamp acknowledged that he was required to impose a term of 240 months, but asked, "Do the taxpayers want to continue to support him [when] he's going to get deported, another 59 months or whatever it is?" (DE 40:17-18). The government responded that deportation would not "make the slightest bit of difference," because "he has already displayed" that deporting him "just makes him come back over the border and the only thing that can stop him is incarceration." (DE 40:18). Defense counsel replied that the soonest Mr. Mojica-Renteria

could get out on a 240-month sentence, would be 18 years from now, at which point "he is going to be ready to go." (DE 40:18).

Without further comment, Judge Ryskamp sentenced Mr. Mojica-Renteria to 292-month Guideline minimum term of imprisonment on Count 1, and a concurrent term of 240 months on Count 2. (DE 34; DE 40:19). At the completion of his term of imprisonment, the court ordered that Mr. Mojica-Renteria be surrendered to ICE for removal. (DE 40:19).

**<u>The Motion to Reduce Sentence Pursuant to § 3582(c)(2)</u>**

On July 11, 2014, Mr. Mojica-Renteria filed a *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Guidelines (the "Drugs Minus Two" Amendment), which the Commission recommended for retroactive application. (DE 46). Pursuant to that amendment, Mr. Mojica-Renteria noted, his base offense level under the drug quantity table had been reduced, and he sought a sentence at the low end of the reduced range based upon favorable post-sentencing conduct. (DE 46). The government, however, responded that the § 3582(c)(2) motion was premature at that time as Congress had not yet adopted the amendment, (DE 48), and as such, the district court denied the motion without prejudice. (DE 49).

**The Reassignment of the Case to Judge Marra**

In 2017, just before Judge Ryskamp passed away, Mr. Mojica-Renteria's case was reassigned to Judge Kenneth Marra. (DE 53).

**The Motion to Reduce Sentence Pursuant to § 3582(c)(1)(A)**

After Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow defense-filed motions as part of the First Step Act of 2018, and the Sentencing Commission (in Amendment 814) amended U.S.S.G. § 1B1.13 effective November 1, 2023 to expand the "extraordinary and compelling reasons" for a reduction in sentence pursuant to § 3582(c)(1)(A), Mr. Mojica-Renteria filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), noting that new § 1B1.13(b)(6) included an "unusually long" and "grossly disparate" sentence as a ground for relief if an offender had been in custody for more than 10 years, and he satisfied both conditions. (DE 71).

The government opposed the motion. (DE 73). It argued first that the Commission had no authority to promulgate § 1B1.13(b)(6). (DE 73:7-13). And, even if the Commission had the authority to promulgate § 1B1.13(b)(6), it argued in the alternative, there was no intervening change in law that would result in a different sentence for Mr. Mojica-

Renteria today. While acknowledging that Section 401 of the First Step Act had reduced the applicable minimum mandatory for a defendant with an § 851 enhancement, sentenced under 21 U.S.C. § 841(b)(1)(A) from 20 to 15 years (DE 73:10-11, n.41 (mistakenly referring to defendant "Perez"), the government argued that intervening change of law made no difference for Mr. Mojica-Renteria because § 851 did not determine his sentence; the Career Offender guideline did; Mr. Mojica-Renteria remained a Career Offender today; and he "received the same sentence he would receive today." (DE 73:13-14). At best, his guideline range had been reduced one level as a result of the Drugs Minus Two amendment, which reduced his total offense level to a 34 rather than 35. And the sentence he received—292 months imprisonment—remained within the reduced guideline range of 262-327 months imprisonment at a level 34, and thus was not an "unusually long sentence." (DE 73:14, n.1).

If the court disagreed, the government urged the court to alternatively deny Mr. Mojica-Renteria's motion because he had failed to demonstrate that he was no longer a danger to the community, or that he otherwise merited relief under § 3553(a), given the seriousness of his

offenses and his criminal history which involved reentry and illegal drug trafficking after deportation. (DE 73:15).

In a Supplement (DE 81) to Mr. Mojica-Renteria's *pro se* reply (DE 76), defense counsel first rebutted the government's lack of authority argument (DE 81:5-14), and then explained that the government had made several mistaken assumptions as to the merits of his (b)(6) argument. Specifically, counsel pointed out, the government had mistakenly assumed first that an § 851 enhancement would still apply today, when it would not. Second, the government had mistakenly argued Mr. Mojica-Renteria would still be sentenced as a Career Offender—and face exactly the same range—which was also incorrect. To the contrary, there had been three separate changes in law since the 2014 sentencing—beyond the reduction in the minimum mandatory for a defendant with an § 841(b)(1)(A) offense and one § 851-qualifying drug conviction, from 20 to 15 years, acknowledged by the government—that that would directly impact Mr. Mojica-Renteria's current sentencing calculus and reduce his now-applicable Guideline range significantly. (DE 81:14-21).

First, counsel explained, in Section 401 of the First Step Act, Congress had redefined the qualifying drug convictions for a § 851

enhancement to include only *"serious drug felonies" as defined in 18 U.S.C. § 924(e)(2)(A) for which the defendant served more than 12 months imprisonment* qualify. That crucial change, she noted, rendered the § 851 enhancement inapplicable here because Mr. Mojica-Renteria's 2008 "possession with intent to sell cocaine" conviction was the only prior offense the government noticed in the § 851 "information." *See* DE 18. And for that particular drug offense, he had served only 36 days incarceration. (PSI, ¶43). As such, counsel explained, he would no longer receive an 851-enhanced sentenced under current law. His revised statutory term would be *10-years to life* (a substantial change from the 20-life penalties he faced previously). (DE 81:15-16).

Second, counsel noted, the government erroneously contended that Mr. Mojica-Renteria would still be sentenced as a Career Offender under U.S.S.G. § 4B1.1 today. That was incorrect, counsel explained, because one of his previously-counted "controlled substance offenses"—specifically, his 2009 conviction under 21 U.S.C. § 856(a)(2) for managing and controlling a place knowingly used to manufacture crack cocaine (PSI, ¶44)—was no longer a qualifying "controlled substance offense" after *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc).

Indeed, *Dupree* had clarified that a district court may ***not*** apply the commentary's broader definition of a term such as "controlled substance offense" defined in the Guideline, if–as here–the Guideline definition itself is "unambiguous." *See id.* at 1273, 1277-78. And without his 2009 conviction under § 856 counting as qualifying "controlled substance offense" today, Mr. Mojica-Renteria would *not* be sentenced as a Career Offender.

Third, counsel argued, as a non-Career Offender, Mr. Mojica-Renteria would face a greatly reduced advisory Guideline range today based on the November 1, 2014 "Drugs Minus Two" amendment, which reduced the base offense level for his Count 1 methamphetamine offense, and total offense level under Chapter 2, from 38 to 36. After a 3-level reduction for acceptance of responsibility, counsel explained, as a non-Career Offender at an offense level of 36, and ***Criminal History Category of III***, he would face a greatly reduced term of ***168-210 months imprisonment***. (DE 81:16-20). In that regard, counsel noted with significance that in *United States v. Nava*, 2023 WL 8281596, at *2 (D. Mont. Dec. 30, 2023), a judge had granted a sentence reduction on precisely those bases, finding that the defendant's current sentence of

262-month term was "grossly disparate from the sentence she would receive today." She asked the court to so find in this case as well. (DE 81:20-21).

It could not be disputed, counsel argued, that an advisory Guideline range of 168-210 months imprisonment was "grossly disparate" to (indeed, approximately half) the 292-365 month term Mr. Mojica-Renteria faced in 2014. And indeed, she argued, there was every reason for Judge Marra today to sentence Mr. Mojica-Renteria at the bottom of the advisory range—just as Judge Ryskamp did in 2014—given that Mr. Mojica-Renteria pled guilty, fully accepted his responsibility, he had no violence whatsoever in his record (either in his instant or prior offenses, or during the last 10+ years in federal custody), and he would be deported in any event. (DE 81:19-20). Counsel noted that the difference between the 292-month current sentence, and a sentence of 168 months at the bottom of the current Guidelines, would result in a reduction of ***124*** months off Mr. Mojica-Renteria's sentence, which was a 124-month differential in sentence that far exceeded the 98-month (8 year) differential that Chief Judge Altonaga declared "glaringly noticeable," and a basis for (b)(6) relief, in *United States v. Carswell*, No. 03-cr-60264-

CMA, DE 357 (S.D. Fla. May 10, 2024). *See id.* at 10 (citing *United States v. Allen*, 2024 WL 631609, at *6 (N.D. Ga. Feb. 12, 2024)).

Even if the Court were to re-sentence Mr. Mojica-Renteria at the top of the non-Career Offender range at a level 33/Criminal History III today, counsel argued, he would receive a sentence of 210 months imprisonment—which is notably ***82 months less*** than the sentence he actually received. Even this reduction, which would cut almost 7 years off of Mr. Mojica-Renteria's sentence, would render his current sentence "unusually long," and an extraordinary and compelling reason for relief under (b)(6). *See Carswell*, DE 357:10 (citing cases concluding that sentences with under five years disparity were "unusually long" and warranted reduction).

In short, counsel concluded, however the court looked at the matter, the 292 months previously imposed on Mr. Mojica-Renteria versus the 168-210 months that would be imposed as a non-Career Offender today was indisputably a "gross disparity" that would qualify as an "extraordinary and compelling reason" for reduction under § 1B1.13(b)(6). (DE 81:20-21).

And indeed, counsel argued, Mr. Mojica-Renteria did not pose a danger to any person or the community at this point, and the statutory sentencing factors in § 3553(a) favored a reduction to the bottom of the now-applicable, non-Career Offender guideline range. (DE 81:21-26). She argued that the government had baselessly claimed Mr. Mojica-Renteria would remain a "danger to the community" when he was a "deportable alien with no right to remain in our community," and he was not seeking release into the community. (DE 81:21). But irrespective, she noted, there was no basis after 10 years in custody for a finding that he posed a danger to anyone. She attached his disciplinary record and most recent progress report, which showed a total of three minor, non-violent infractions, during his 10+ years in custody for the instant offense, and a BOP determination that he posed a "low risk of recidivism." (DE 81:22-23; DE 81-1; DE 81-2). Under such circumstances, she urged the court to find, as other judges in the district had, that despite the serious nature of the defendant's offenses, a term at the low end of the current (non-Career Offender) range would appropriately reflect both the seriousness of his offense and adequately deter others. (DE 81:24-25).

In closing, counsel underscored again that she was not seeking a sentence of time served/immediate release for Mr. Mojica-Renteria, but simply a reduced term at the low end of the correctly-calculated Guidelines, consistent with Judge Ryskamp's imposition of a low-end sentence at the original sentencing. (DE 81:25-26).

After considering those pleadings, the court ordered the government to file a sur-reply responding to the arguments in counsel's Supplement. (DE 83).

In its sur-reply, the government did not dispute that the definition of "controlled substance offense" in § 4B1.2(b) was unambiguous, or that an § 856 offense fell outside that definition. However, the government claimed (DE 84:5), it was "curious" that § 856 offenses were not moved from the commentary to the Guideline itself in the most recent amendment which moved "inchoate offenses" to new § 4B1.2(d) to avoid the "problem based on *Dupree*." (DE 84:5). For Mr. Mojica-Renteria to be correct that *Dupree* excludes his § 856 offense as a Career Offender predicate, the government argued, the court would have to find that "knowing of this problem based on *Dupree* the Sentencing Commission was *just apparently too stupid* [to] just include Comment Note 1 on

Section 856 in the new 2023 U.S.S.G. § 4B1.2(d) and ‘fix’ the problem.” (DE 84:5). Alternatively, the government argued, Mr. Mojica-Renteria remained a Career Offender since the Commission had recently endeavored to avoid the impact of *Dupree* by Amendment 822 which as of November 1, 2023 moved all inchoate offenses to a new provision of the Guideline, § 4B1.2(d). And, the government claimed, since “a violation of 21 U.S.C. § 856 is essentially ‘aiding and abetting’ the ‘manufacture, ..., distribution, or dispensing of a controlled substance,’” Mr. Mojica-Renteria remained a Career Offender under this new Guideline subsection. (DE 84:5-6).

Alternatively, the government urged the court to exercise its discretion to deny relief to Mr. Mojica-Renteria under § 3553(a), due to the seriousness of his drug offenses, and because the prior 27-month sentence imposed in the § 856 case “did nothing to dissuade the defendant from illegally returning” and engaging in drug conduct again. (DE 84:10).

In response to the sur-reply on the eligibility point, defense counsel noted that the government had not bothered to review the Commission’s “Reason for Amendment” accompanying Amendment 822 which made eminently clear, that far from inadvertently or “stupidly” failing to

include § 856 offenses in the text of the new guideline, the Commission had made a thoughtful choice to move inchoate offenses to the Guideline to resolve a narrow circuit conflict on that narrow point, but otherwise to maintain § 856 and other drug offenses specifically listed in Application Note 1 in the commentary. (DE 85:4-7).

Also, Mr. Mojica-Renteria reiterated, the difference between his 292-month sentence imposed in March 2014 and the sentence he would face at the bottom of the non-Career Offender Guidelines today—124 months (over 11 years)—was far more than what had convinced other judges in the district to find a "gross disparity" warranting relief for other drug offenders. (DE 85:19-20). And, he emphasized, that differential was *not only* due to the fact that he would no longer qualify as a Career Offender, *but also* the fact that he would now necessarily receive the benefit of the Drugs-Minus-Two Amendment, which became effective in November 2014 (only months after he was sentenced), and was a separate change in law which the government had inexplicably ignored in its sur-reply. (DE 85:8-9).

Finally, counsel emphasized, § 3582(c)(1)(A) "does not merely goven motions for immediate release." And in fact, multiple courts in the

district had "correctly understood that the Court has the discretion to reduce a sentence significantly, even if the reduction does not result in immediate release." (DE 85:22, citing as an example, the order in *United States v. Taylor*, 733 F.Supp.3d 1370 (S.D. Fla. 2024)). And again, she underscored, all that she was requesting for Mr. Mojica-Renteria was a term at the bottom of the non-Career Offender guideline range (168-months imprisonment), which would result in over a year more in jail. (DE 85:22 & n. 5). Such a term, she argued, would be "sufficient but not greater than necessary" to take account of all relevant § 3553(a) factors here, including "the kinds of sentence and the sentencing range established for" "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines," § 3553(a)(4)(A); as well as the need to avoid unwarranted disparities among defendants with similar records and conduct, as per § 3553(a)(6). (DE 85:24-45).

Finally, counsel asked the court to also take into account, as the district court did in *United States v. Garcia*, 2024 WL 1661120 (M.D. Tenn. Apr. 16, 2024) that:

> (1) Mr. Mojica-Renteria committed this offense in his mid-20's—a time when science has shown "the part of the brain

> that gives one judgment and maturity" is not yet fully developed; (2) the court could not take these factors into account at the original sentencing because that science was not yet available, and Mr. Mojica-Renteria was subject, then, to a 20 year minimum mandatory; (3) Mr. Mojica-Renteria would not be subject to that minimum mandatory today, and rather would face a reduced mandatory of only 10 years imprisonment; (4) his lack of any significant disciplinary history (either in terms of drugs or violence) for over 10 years in the BOP "bodes well for his respect for the law" in the future; and (5) because he will be deported, the Court can safely assume he will stay in his country and not reenter the United States. *Garcia, id*. at **1-2. If he does, with the current federal drug conviction now on his record, he would face a minimum 15 more years in prison. And that is likely a sufficient deterrent.
>
> The Sentencing Commission's own studies have confirmed that recidivism decreases with age. *See* https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders. And again, as noted in DE 81, confirmed by DE 81-2, and tellingly ignored but not disputed by the government, based on its own data and experience the BOP—which is an expert in assessing an offender's risk of recidivism—has classified Mr. Mojica-Renteria as "low risk for recidivism."

(DE 85:25-26).

Several months later, counsel filed as supplemental authority an order granting a reduction in sentence to a deportable defendant in *United States v. Evans*, No. 93-00123-cr-DMM, DE 815 (S.D. Fla. Dec. 10, 2024), where Judge Middlebrooks expressly recognized that as "a citizen of Jamaica with an active immigration detainer, rendering [the

defendant] subject to removal upon release," the likelihood that his release would pose any threat to the community was "exceedingly minimal." (DE 86).

On March 4, 2025, the district court issued an order denying any relief to Mr. Mojica-Renteria. (DE 87). Assuming that § 1B1.13(b)(6) was a "valid exercise of the Sentencing Commission's authority" (DE 87:2), the court stated, it nonetheless agreed with the government that Mr. Mojica-Renteria had not shown an "unusually long"/"grossly disparate" sentence to warrant a finding of "extraordinary and compelling reasons" for a sentence reduction under (b)(6) because "he would still be categorized as a Career Offender" today. (DE 87:2).

The court agreed with Mr. Mojica that as a result of Section 401 of the First Step Act of 2018, he would currently face a minimum mandatory term of only 10, rather than 20, years. (DE 87:3). And the court also acknowledged that as a result of the 2014 "Drugs Minus Two" amendment Mr. Mojica-Renteria's offense level would be reduced from a 35 to a level 34. However, the court found, he would remain at a Criminal History Category of VI, and thus, would face a guideline range of 262-327 months imprisonment, rather than the 292-365 he faced at the 2014

sentencing. (DE 87:2-3, and n.1). And indeed, the court opined, since his current 292 sentence was "within the middle of the lowered advisory guideline range" that single change "does not produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed." (DE 87:2-3).

As to why, in its view, Mr. Mojica-Renteria's § 856 still qualified him as a Career Offender after *Dupree*, the court explained:

> In *Dupree*, the Eleventh Circuit Court of Appeals held that commentary from the Sentencing Commission cannot expand the unambiguous language of the guideline itself. Thus, Defendant contends that the commentary relating to § 856 offenses cannot be used to expand the guideline definition of controlled substance offenses which does not include "maintaining any place for the purpose of facilitating a drug offense."
>
> If the Sentencing Commission had not adopted Amendment 822 to the Sentencing Guidelines effective November 1, 2023, Defendant's position may be correct. However, Amendment 822 expanded the guideline definition of "controlled substance offense" to include "offenses of aiding and abetting" any such offense. Defendant does not dispute that the manufacture of cocaine base is a controlled substance offense under § 4B1.2(b) of the Sentencing Guidelines. Managing and controlling a place knowingly used to manufacture cocaine base is an offense which aids and abets the manufacture of the controlled substance. Thus, the Court concludes that Defendant's conviction for managing and controlling a place knowingly used to manufacture cocaine base is a qualifying controlled substance offense for Career Offender purposes and Defendant today would still be categorized as a Career Offender.

(DE 87:3-4).

In the court's view, the fact that Mr. Mojica-Renteria's minimum mandatory was reduced from 20 to 10 years did not require a different result, since his advisory guideline range as a Career Offender "would still be more than twice the mandatory minimum sentence." And, the court concluded,

> [T]he advisory guideline range would weigh more heavily in a sentencing Court's decision today than would the mandatory minimum. There is nothing about Defendant's background, history, or characteristics that would cause a sentencing judge to deviate significantly from the advisory guideline range. Therefore, the Court concludes that Defendant has not met the criteria for establishing he received an unusually long sentence because there has not been a change in law that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time Defendant's motion was filed.
>
> Nor does the Court conclude that after considering the statutory factors contained in 18 U.S.C. § 3553(a), a reduction in Defendant's sentence is warranted. A reduction in Defendant's sentence would not promote respect for the law, it would not provide just punishment, it would not provide sufficient specific or general deterrence and it would not avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

(DE 87:4-5). As such, the court denied Mr. Mojica-Renteria's motion. (DE 87:5).

## STANDARDS OF REVIEW

This Court reviews "*de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Handlon*, 97 F.4th 829, 832 (11th Cir. 2024) (citing *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021)). "After eligibility is established, [the Court reviews] a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

The district court abuses its discretion *per se* if it does not apply the correct legal standard. *United States v. Brown*, 415 F.3d 1257, 1264-65 (11th Cir. 2005); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). Moreover, where—as in §3582(c)(1)(A)—Congress has expressly required consideration of the §3553(a) factors, a district court likewise abuses its discretion *per se* where it fails to consider them. *United States v. Cook*, 998 F.3d 1180, 1184-85 (11th Cir. 2021). A district court must explain its denial "adequately enough to allow for meaningful appellate review"—which requires proof that the court considered the defendant's arguments as to the factors. *Id.* at 1185.

## SUMMARY OF THE ARGUMENT

I. The district court erred by determining that U.S.S.G. § 1B1.13(b)(6) ("Unusually Long Sentence") did not apply to Mr. Mojica-Renteria because he remained a Career Offender under the current Guidelines. Notably, Mr. Mojica-Renteria was sentenced as a Career Offender in 2014 based on his prior conviction under 21 U.S.C. § 856 (managing or controlling a place for manufacturing, storing, distributing or using a controlled substance). At that time, the government argued, Probation recommended, and the court agreed this prior § 856 conviction was for a "controlled substance offense" because it was specifically identified as a "controlled substance offense" in Application Note 1 of the commentary to § 4B1.2. No one at that time even thought to suggest that such an offense was "essentially aiding and abetting" a controlled substance, and also qualified under the separate paragraph in Application Note 1 specifying that inchoate crimes were also "controlled substance offenses."

When the Court decided *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc), which held commentary cannot broaden the purview of an unambiguous guideline like § 4B1.2(b), it became clear that

§ 856 offenses listed as "controlled substance offenses" only in the commentary, no longer qualified as "controlled substance offenses." And contrary to the suggestion of the government below and finding by the district court, that result is *not* changed in any way by the Commission's subsequent amendment in 2023 which moved inchoate offenses to its own provision in the Guideline, § 4B1.2(d) (declaring these offenses were "controlled substance offense" as well). That amendment was admittedly intended to avoid the rule in a minority of circuits with decisions like *Dupree* that disqualified inchoate crimes as Career Offender predicates—but it did not reach further than that to sweep in § 356 offenses.

The district court's finding that § 856 offenses could still qualify as "controlled substance offenses" even after *Dupree*, pursuant to new § 4B1.2(d), because an § 856 offense is "essentially aiding and abetting a controlled substance offense," was ill-reasoned and unfounded. The court unfairly ignored that when the Commission—in Amendment 822—moved inchoate offenses including aiding and abetting a "controlled substance offense" from the commentary to new U.S.S.G. § 4B1.2(d) as of November 1, 2023, the Commission retained § 856 offenses specifically, within the pared-down list of "controlled substance offenses" within

Application Note 1 of the commentary. The court ignored that in the Commission's "Reason for Amendment" it explained why it chose to move only certain offenses like inchoate offenses from the commentary to the Guideline (to resolve a narrow circuit conflict on that issue), and retain others (like § 856) in the commentary which would continue to count as "controlled substance offense" under the approach of the majority of circuits (different from *Dupree*). And the court also ignored well-settled canons of construction which govern interpretation of the Guidelines as well as statutes, and dictate that a specific provision controls over a general one, and no provision in a statute (such as Application Note 1's continued listing of § 856 as a "controlled substance offense") should be treated as surplusage or pointless.

For all of these reasons, the district court erred in finding Mr. Mojica-Renteria would remain a Career Offender under current law. And indeed, with a Criminal History Category of III rather than VI as a non-Career Offender, and a 2-level reduction in his offense level due to the 2014 "Drugs Minus Two" Amendment, if he were sentenced today he would face a greatly-reduced advisory Guideline range of 168-210 months imprisonment rather than 292-365 months imprisonment as he did in

2014. Under such circumstances, other courts have rightly found that a defendant easily met § 1B1.13(b)(6)'s requirement of an "unusually long"/"grossly disparate" sentence. The district court should have so found here. Its contrary ruling was an error of law, requiring reversal.

II. The district court also abused its discretion in denying Mr. Mojica-Renteria's motion under 18 U.S.C. § 3553(a). There is no assurance from its order that the court appreciated the direct impact of the intervening reduction in the statutory minimum mandatory on several § 3553(a) factors. It failed to consider—at all—in its § 3553(a) weighing, the correctly-calculated (non-Career Offender) guideline range, as specifically-mandated in § 3553(a)(4)(A)(i). And it failed to consider (it did not even mention, let alone address) *any* of Mojica-Renteria's individualized arguments in mitigation, including that the BOP had declared him "low risk of recidivism," and he would be deported upon release, which was directly relevant to the need for the sentence imposed to "afford adequate deterrence" under § 3553(a)(2)(C), and "protect the public from further crimes" under § 3553(a)(2)(D). On this record, it cannot be said that the court considered "all that it must" under § 3553(a), or subjected his arguments to "reasoned consideration."

## ARGUMENT AND CITATIONS OF AUTHORITY

### <u>Issue I</u>

> **The district court erred as a matter of law in finding Mr. Mojica-Renteria had not shown "extraordinary and compelling reasons" for a reduction under U.S.S.G. § 1B1.13(b)(6) because he remained a Career Offender under the current Guidelines, when the opposite is the case, and as a non-Career Offender he would face a substantially reduced advisory Guideline range today.**

On November 1, 2023, Congress approved the U.S. Sentencing Commission's Amendment 814 to U.S.S.G. § 1B1.13, which expanded the previously-narrow list of "extraordinary and compelling" reasons for a sentencing reduction under § 3582(c)(1)(A). That amendment specifically added new § 1B1.13(b)(6) at issue here, which provides:

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Although the government rightly did not dispute below that Mr. Mojica-Renteria had met the 10 years in custody requirement for §

1B1.13(b)(6), the government wrongly argued as a threshold matter that the Commission lacked authority to promulgate this provision. (DE 73:7-13). Mr. Mojica-Renteria vigorously disputed that position (DE 81:5-15) based on the statutory text, its structure, and purpose; this Court's precedent in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) which held prior to the 2023 amendment that the Commission's policy statement in § 1B1.13 is binding on courts considering § 3582(c)(1)(A) motions, *see id.* at 1255 ("Although the statute charges courts with making the discretionary call about whether a sentence should ultimately be reduced, the Commission is tasked with defining the universe of 'extraordinary and compelling circumstances.'"); and the near-overwhelming agreement of the district judges in this Circuit that *Bryant* controls this issue post-amendment. (DE 81:3-14, citing cases). *See also* DE 81:11 (arguing that "Courts do *not* have independent authority to graft a non-textual categorical exclusion onto § 3582(c)(1)(A), as the government argues;" citing *Concepcion v. United States*, 597 U.S. 481-87 (2022)).

The district court, in the order below, assumed without specifically deciding that § 1B1.13(b) was indeed a valid exercise of the Commission's

authority. (DE 97:2). But notably, in other cases, the same district judge has expressly agreed with the majority of judges in this Circuit that § 1B1.13(b)(6) is "valid and within the Commission's authority." *See United States v. Yeary*, No. 10-cr-80159-KAM, DE 214 (S.D. Fla. June 11, 2024) (citing numerous orders from judges in this Circuit so finding); *United States v. Sears*, No. 03-cr-60144-KAM, DE 284:3 (S.D. Fla. July 10, 2025) (noting that in *Yeary*, the court "previously rejected the Government's position on this issue and reasserts its conclusion that subsection (b)(6) is valid").

Although the district court's threshold assumption below that § 1B1.13(b)(6) is valid and binding was correct based on the reasons argued by Mr. Mojica-Renteria, and articulated in the many decisions cited in the *Yeary* order, the court erroneously concluded that Mr. Mojica-Renteria did not show he was serving an "unusually long"/"grossly disparate" sentence. Specifically, the court reasoned, the intervening change in law Mojica-Renteria relied upon—that effected by *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc) (holding commentary may not expand an unambiguous guideline, such as the

definition of "controlled substance offense" in § 4B1.2(b))—would not impact his Guideline determination today.

According to the district court, Mr. Mojica-Renteria would remain a Career Offender under the Commission's most recent Guideline amendment (Amendment 822) which moved "inchoate crimes" from the commentary to the Guideline (new §4B1.2(d)). In the court's view, a conviction under § 856 for managing and controlling a place used to manufacture cocaine base "is an offense which aides and abets the manufacture of the controlled substance," and qualifies as a "controlled substance offense" under new § 4B1.2(d), despite *Dupree* and the Commission's post-amendment continued listing of § 856 offenses in Application note 1.

That conclusion was a clear error of law. It mandates reversal.

### A. *Dupree* clarified that Guideline commentary may not broaden the unambiguous language of a Guideline, and there is no dispute that § 856 is broader than the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b)(1).

In *Dupree*, the en banc Court clarified that a district court may ***<u>not</u>*** apply the commentary's broader definition of a term such as "controlled substance offense" defined in the Guideline, if—as here—the Guideline

definition itself is "unambiguous." *See Dupree*, 57 F.4th at 1273, 1277-78 (noting that the definition of the term "controlled substance offense" in § 4B1.2(b) expressly describes what that term "means;" "[a] 'definition which declares what a term "means" excludes any meaning that is not stated,'" and when the Commission—through the expansive commentary—"add[ed] "an offense not listed in the [G]uideline,'" courts may not defer to the commentary definition).

*Dupree* confirms that Mr. Mojica-Renteria's 2009 conviction under 21 U.S.C. § 856(a)(2) for maintaining/controlling a crack house is *not* a qualifying "controlled substance offense," because *Dupree* held in no uncertain terms that the definition of "controlled substance offense" in § 4B1.2(b) is unambiguous. 57 F.4th at 1277-79. As per that guideline, only convictions for offenses that specifically "*prohibit*[] the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense" are qualifying "controlled substance offenses." And as per *Dupree*, the word "prohibit" in § 4B1.2(b) has a distinct and narrow meaning: "to forbid by law." 57 F.3d at 1279. The definition in § 4B1.2(b), by its terms, unambiguously *prohibits* only

certain conduct: manufacturing, distributing, importing, or possessing with intent to distribute a controlled substance. It fails to "prohibit" maintaining or controlling a premises" used to manufacture a controlled substance, in the same way that it fails to "prohibit" aiding and abetting such offenses.

The commentary in Application Note 1—in which the Commission added "maintaining any place for the purpose of facilitating a drug offense" (21 U.S.C. § 856) as a "controlled substance offense" —broadened the unambiguous language in §4B1.2(b). And that is impermissible as per *Dupree*. Just as the Court held the defendant in *Dupree* was "ineligible for Career Offender enhancement" based on the listing of his offense (conspiracy) as a "controlled substance offense" in Application note 1 which expanded the narrow definition of "controlled substance offense" in § 4B1.2(b), *id.* at 1280, the Court should hold similarly here.

### B. The district court erroneously agreed with the government that a § 856 conviction is "essentially aiding and abetting a controlled substance offense," which is itself a "controlled substance offense" under new § 4B1.2(d).

Contrary to the government's novel suggestion and the court's agreement in the order below, as a matter of law an § 856 offense is ***not***

"*essentially* 'aiding and abetting' the manufacture, ..., distribution, or dispensing of a controlled substance" and thus covered by new § 4B1.2(d). If the Commission thought § 856 were no different than aiding and abetting a controlled substance offense, it would *not* have separately listed both "aiding and abetting" a controlled substance, and § 856 offenses, as "controlled substance offenses" in different paragraphs of the same Application Note ***for years***. Notably, in 2014 when Mr. Mojica-Renteria was originally sentenced, no one—neither the government, Probation, nor the court—suggested that his § 356 conviction qualified, additionally or alternatively, under the first paragraph of Application Note 1, because an § 856 offense is "essentially aiding and abetting" a controlled substance offense. The only possible basis for the enhancement even in 2014 was that § 856 was a specifically-enumerated crime addressed within a different paragraph of that same Application Note.

And in circuits that do not agree with *Dupree*, that offense remains a "controlled substance offense" *only* due to that same paragraph, which has been retained in Application Note 1, to this day. Plainly, if the Commission viewed an § 856 offense as "essentially aiding and abetting" a controlled substance offense, it would *not* have left § 856 offenses in the

commentary—as well as § 841(c)(1), §843(a)(6), and § 843(b) offenses, all of which could be viewed as "essentially aiding and abetting" a "controlled substance offense"—when moving inchoate offenses and enumerated "crimes of violence" to the Guideline as part of Amendment 822 in 2024.

Notably, prior to the 2023 amendment, Application Note 1 (the definitional section) of the commentary to § 4B1.2 broadly provided:

> 1. **Definitions.**—For purposes of this guideline—
>
> "**Crime of violence**" and "**controlled substance offense**" include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. …
>
> "***Forcible sex offense***" includes ….
>
> "***Extortion***" is ….
>
> Unlawfully possessing a listed chemical with intent to manufacture a controlled substance (21 U.S.C. § 841(c)(1)) is a "controlled substance offense."
>
> Unlawfully possessing a prohibited flask or equipment with intent to manufacture a controlled substance (21 U.S.C. § 843(a)(6)) is a "controlled substance offense."
>
> Maintaining any place for the purpose of facilitating a drug offense (21 U.S.C. § 856) is a controlled substance offense" if the offense of conviction established that the underlying offense (the offense facilitated) was a "controlled substance offense."
>
> Using a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. § 843(b)) is a "controlled

> substance offense if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a "controlled substance offense"). …

In the 2023 amendment, the Commission restructured both § 4B1.2 and its commentary in significant ways. In particular, the Commission (1) moved the entire first paragraph of Application Note 1 on inchoate offenses to new § 4B1.2(d); (2) deleted Application Note 1's definitions of "Forcible Sex Offense" and "Extortion;" (3) added new § 4B1.2(c) to the Guideline to include "Additional Definitions" for these enumerated crimes, and expanded definitions for other enumerated crimes in § 4B1.2(a)(2); (4) added new § 4B1.2(b)(2), which clarified offenses described in 46 U.S.C. § 70503(a) and § 70506(b) were "controlled substance offenses;" and (5) as a result of moving all definitions from the commentary to the Guideline itself, the Commission changed the title of its now-pared-down Application Note 1, from "***Definitions***" to "***Further Considerations Regarding 'Crime of Violence' and 'Controlled Substance Offense***." *Compare* § 4B1.2 (2022) *with* § 4B1.2 (2024).

But importantly for the issue before the Court here, the Commission left Application Note 1 *otherwise intact*. Offenses under 21 U.S.C. § 841(c)(1), § 842(a)(6), § 856, and §843(b) remain listed as

"controlled substance offenses" in Application Note 1. And as such, these offenses still qualify as "controlled substance offenses" ***only*** via this commentary (in circuits that do not agree with *Dupree*).

This was hardly a "curious" oversight or "stupid" mistake by the Commission, as the government suggested in its sur-reply below. As the Commission made undeniably clear in its "Reason for Amendment" accompanying Amendment 822, its decision to move some offenses from the commentary to the Guideline, but to leave others like § 856 offenses in the commentary, was a well-thought out decision. The Commission sought to resolve a *narrow* Circuit conflict on inchoate offenses, by moving only those offenses to a new section § 4B1.2(d) of the Guideline, and then "to avoid similar challenges" to the applicability of the many enumerated offenses (until then also listed in the commentary), by moving them as well into a new guideline provision, § 4B1.2(e).

Apparently, after receiving "public comment" on various proposals, and being "informed by the case law" and "relevant sentencing data," the Commission *only* felt it necessary to move the inchoate and enumerated offenses to the text of § 4B1.2; it felt comfortable allowing the rest of the

offenses listed in the commentary (including § 856 offenses, which are not common Career Offender predicates) to remain in the commentary.

In short, as clarified in the "Reason for Amendment," data, caselaw, and public comment informed the Commission's decision to move the inchoate and enumerated offenses to the Guideline in 2023, and leave § 856 (and other drug-related offenses) in the commentary. As the Commission noted, "most circuits" had held that this commentary was authoritative under *Stinson v. United States*, 508 U.S. 36 (1993), and only a minority of circuits (including the Eleventh in *Dupree*) had held after *Kisor v. Wilkie*, 588 U.S. 588 (2022) that the commentary should not be afforded deference unless the guideline text is genuinely ambiguous.

The government certainly had the opportunity, in its pre-Amendment "public comment," to convince the Commission to move § 856 offenses as well from the commentary to the text of the Guideline, to avoid circuit decisions like *Dupree*. But it did not. Apparently, saving § 856 as a "controlled substance offense" in a *minority of circuits* was not the government's priority at the time. And ultimately, it was not a priority for the Commission either—since such offenses would still qualify in most circuits—although not in the Eleventh, due to *Dupree*. As

confirmed by the "Reason for Amendment," the Commission's priorities with Amendment 822 were simply to: (1) resolve the circuit conflict on inchoate offenses, and save inchoate offenses as Career Offender predicates; (2) assure that all listed enumerated offenses would continue to count as Career Offender predicates in every circuit, by also moving these to the Guideline; and (3) expand the definition of certain enumerated "crimes of violence," in particular, robbery, to avoid the circuits' uniform decisions holding Hobbs Act robbery did not qualify as "crime of violence" under the Career Offender elements clause. And that is precisely, and *only*, what the Commission did through its 2023 amendment.

In his response to the government's sur-reply, Mr. Mojica-Renteria urged the district court to carefully review the Commission's "Reason for Amendment" as it directly undercut the government's position that his § 856 offense remained a countable "controlled substance offense" post-*Dupree*, as "essentially aiding and abetting a controlled substance offense." But there is no indication in the district court's order that it ever looked at the Commission's explanation for why it moved certain offenses to the text of the Guideline, and left others in the commentary. Had the

court reviewed the "Reason for Amendment," it would not have made the mistake—urged by the government—of finding an § 856 conviction continued to qualify as a "controlled substance offense" under new § 4B1.2(d), irrespective of *Dupree* and the Commission's choice to allow § 856 offenses (and others under § 841(c)(1), § 842(a)(6), and §843(b)) to continue to qualify as a "controlled substance offense" *only* via the commentary. That choice was neither "curious" nor "stupid" on the Commission's part. It made eminent sense. Unlike changes it proposes to the Guidelines, the Commission need not ever submit commentary for review to Congress. *Stinson*, 508 U.S. at 46. And under the law of most circuits, the offenses listed as "controlled substance offenses" only the commentary would still qualify as Career Offender predicates.

In finding that "aiding and abetting" a controlled substance offense, and the still-separately-listed § 856 offense in the commentary were essentially one and the same, the district court inexplicably ignored the most fundamental rules of construction. Indeed, it is well-recognized in statutory construction, that a specific provision always controls over a more general one. *See* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts*, 183-188 (2012) ("General/Specific Canon,"

explaining "If there is a conflict between a general provision and a specific provision, the specific provision prevails (*generalia specialibus nonderogant*)." Scalia and Garner also explain in their discussion of the "Surplusage Canon," that no word or phrase in a statutory text should be treated as superfluous or pointless. *Id.* at 174-179 ("Surplusage Canon," explaining that "If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should be needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence").

The Supreme Court has consistently applied these canons in construing statutes. *See Radlax Gateway Hotel v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (specific provisions govern over more general ones; applying general/specific cannon to avoid superfluity of specific provisions and preserve "the cardinal rule" to give every clause and word effect"). And they are incorporated into the framework of the Guidelines as well, which starts with general application principles, with caveats for more specific applications, by stating: "unless otherwise specified." *See, e.g.*, § 1B1.3(a).

The district court not only disregarded these well-recognized canons; it provided no explanation in its order for what possible purpose retaining § 856 offenses in the commentary could serve if such offenses were "essentially aiding and abetting" now covered by § 4B1.2(d). The court simply ignored that uncomfortable redundancy, in a failed effort to avoid the fact that *Dupree* was case-dispositive here.

The Court should reject the district court's reasoning and conclusion as unfounded for all of the above reasons. It should hold, under *Dupree*, that Mr. Mojica-Renteria would *not* qualify as a Career Offender under the current Guidelines.

**C. The sentence Mr. Mojica-Renteria would receive as a non-Career Offender today is "unusually long" and "grossly disparate" to the 292-month sentence imposed by the district court in 2014.**

Without his 2009 conviction under § 856 counting as qualifying "controlled substance offense" today, Mr. Mojica-Renteria would *not* be sentenced as a Career Offender. That is because he would no longer have two prior felony convictions for "controlled substance offenses" or "crimes of violence." Only his 2008 Florida possession with intent to sell conviction would still qualify.

And indeed, as a non-Career Offender, Mr. Mojica-Renteria would face a greatly reduced advisory Guideline range today given an additional change the Commission made to U.S.S.G. § 2D1.1 in Amendment 782 (effective March 6, 2014), which reduced base offense levels for most drug offenses, including the methamphetamine offense here, by two levels. At the March 2014 sentencing, Mr. Mojica-Renteria's base offense level for his methamphetamine offense involving 1.5 kilos or more of meth/"ice" was a level 38. And that was his Chapter 2 "combined adjusted offense level" under the grouping rules as well. (PSI, ¶¶ 20, 32-37

But after the 2014 "Drugs Minus Two" amendment, and under the current version of § 2D1.1, Mr. Mojica-Renteria's base offense level and "combined adjusted offense level" for an offense involving more than 1.5 but less than 4.5 kg. of meth/ ice" would be ***a level 36—not a level 38***. And with a 3-level reduction for acceptance of responsibility, his advisory Guideline range at a level 33, ***Criminal History Category III*** (PSI ¶¶45-47) would be: ***168-210 months imprisonment***.

It cannot be disputed that an advisory Guideline range of 168-210 months imprisonment is "grossly disparate" to (indeed, approximately half) the 292-365 month term Mr. Mojica-Renteria faced in 2014. And

indeed, as argued below, there would be every reason for a district court today to sentence Mr. Mojica-Renteria at the bottom of the advisory range—just as Judge Ryskamp did in 2014—given that Mr. Mojica-Renteria pled guilty, fully accepted his responsibility, he has no violence whatsoever in his record (either in his instant or prior offenses, or during the last 10+ years in federal custody), and he will be deported in any event. The difference between the 292-month current sentence, and a sentence of 168 months at the bottom of the current Guidelines, would result in a reduction of ***124*** months off Mr. Mojica-Renteria's sentence. And notably, a 124-month differential in sentence far exceeds the 98-month (8 year) differential that Chief Judge Altonaga rightly declared "glaringly noticeable," and a basis for (b)(6) relief, in *United States v. Carswell*, No. 03-cr-60264-CMA, DE 357 (S.D. Fla. May 20, 2024)—a ruling the government, wisely, chose not to appeal.

Even if the district court were to re-sentence Mr. Mojica-Renteria at the top of the non-Career Offender range at a level 33/Criminal History III today, he would receive a sentence of 210 months imprisonment—which is still ***82 months less*** than the sentence he actually received. Even this reduction, which would cut almost 7 years off of Mr. Mojica-

Renteria's sentence, would render his current sentence "unusually long," and an extraordinary and compelling reason for relief under (b)(6). *See Carswell*, DE 357:10 (citing cases concluding that sentences with under five years disparity were "unusually long" and warranted reduction). In short, however the Court looks at the matter, the 292 months previously imposed on Mr. Mojica-Renteria versus the 168-210 months that he would face today is indisputably a "gross disparity" that would qualify as an "extraordinary and compelling reason" for reduction under § 1B1.13(b)(6).

As argued below, and unfairly ignored by the district court, after the recent amendment to §1B1.13, a district court considering an "extraordinary and compelling" reasons argument under § 1B1.13(b)(6) *just like the one* here, easily found that the fact that the defendant would ***not*** be sentenced as a Career Offender under current law is indeed an "extraordinary and compelling reason for reduction." *United States v. Nava*, 2023 WL 8281596, at *2 (D. Mont. Dec. 30, 2023) (noting that not only would the defendant's criminal history category be V rather than VI today, her total offense level would be greatly reduced as well as a result of Amendment 782, and therefore, the defendant's current sentence of

262 months was "grossly disparate from the sentence she would likely receive today").

The district court should have ruled similarly to *Nava*, and found that indeed, Mr. Mojica-Renteria was indeed serving an "unusually long"/ "grossly disparate" sentence, and easily established "extraordinary and compelling reasons" for a reduction to a non-Career Offender sentence, as in *Nava*. The court's agreement with the government that Mr. Mojica-Renteria's § 856 conviction continued to qualify as a Career Offender predicate under new § 4B1.2(d), because an § 856 conviction is "essentially aiding and abetting" a "controlled substance offense" was unfounded for the multiple reasons outlined above, and should be squarely rejected.

## Issue II

**The district court abused its discretion in denying Mr. Mojica-Renteria's motion also under 18 U.S.C. § 3553(a), without properly considering the relevant factors and his arguments as to those factors.**

In ruling on a § 3582(c)(1)(A) motion, and denying relief under § 3553(a), a district court abuses its discretion *per se* if it applies the wrong legal standard, follows improper procedures in reaching its decision by failing to consider the relevant factors, or fails to adequately explain its denial. *United States v. Cook*, 998 F.3d 1180, 1184-85 (11th Cir. 2021). A district court must also explain its denial "adequately enough to allow for meaningful appellate review"—which requires proof that the court considered the defendant's arguments as to the factors. *Id.* at 1185.

The district court erred in all of these respects here.

### A. The district court's order provides no assurance the court understood intervening changes in the law affecting both the statutory and guideline minimum at the original sentencing directly impact specifically-mandated § 3553(a) factors.

As the Ninth Circuit has rightly recognized in the §3582(c)(2) context, intervening legislative developments affecting mandatory minimums (in the First Step Act and otherwise) are not only "relevant" but must be considered in any "step two" discretionary determination

under §3553(a). *See United States v. Lizarraras-Chacon*, 14 F.4th 961, 965-67 (9th Cir. Sept. 23, 2021) (reversing and remanding where it was not clear from the record that the district court recognized that intervening legislative changes were indeed relevant to the exercise of its discretion and must be considered).

Contrary to the mistaken view of the district court here, in *Lizarraras-Chacon* the Ninth Circuit correctly recognized that "[s]ubsequent developments affecting a mandatory minimum are relevant, for example, to the 'nature and circumstances of the offense,' the 'seriousness of the offense,' the needs 'to provide just punishment for the offense,' and 'to afford adequate deterrence to criminal conduct.'" *Id.* at 967 (citing 18 U.S.C. §§ 3553(a)(1), (2)(A)-(B)). Indeed, the Ninth Circuit explained:

> The "seriousness of the offense," is broad and logically includes any subsequent reevaluation of sentencing issues reflected in legislation. Subsequent legislation, such as the reduction of the mandatory minimum in the First Step Act, is a legislative reassessment of the relative seriousness of the offense. Legislative changes or guideline changes do not happen in a vacuum. They represent a societal judgment that it is necessary, from time to time, to reconsider and adjust what is an appropriate sentence consistent with the goals of the criminal justice system. Congress's legislative action through the First Step Act, reducing the mandatory minimum [] reflects a decision that prior sentences were greater than

> necessary. Similarly, a development in the law, such as [that a predicate conviction no longer qualifies a defendant for an enhanced sentence under the Guidelines] is also relevant to assessing the "history and characteristics of the defendant." §3553(a)(1).

*Id. See id.* at n. 3 (citing as support *United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020), which had recognized that "a statutory minimum and maximum often anchor a court's choice of a suitable sentence," and *United States v. Taylor*, 648 F.3d 417, 427 (6th Cir. 2011)(stating that "amendments to the Guidelines are relevant to the §3553(a) factors," and "the Sentencing Commission's view of the defendant's conduct, revealed in the Commission's actions to revise the Guidelines, is highly relevant to the district court's assessment of the nature and circumstances of the offense, §3553(a)(1), and the seriousness of the offense, §3553(a)(2)(A)).

After the Commission's 2023 amendment to § 1B1.13 expanding the circumstances that may qualify as extraordinary and compelling grounds for early release, numerous courts have rightly weighed an intervening reduction in a statutory minimum mandatory as a factor favoring release, even without a concomitant reduction in the Guideline range as here. *See, e.g., United States v. Garcia*, 2024 WL 1661120, at **1-2 (M.D. Tenn. Apr. 16, 2024) (noting, as support for its ruling that the § 3553(a)

factors favored release of a deportable alien, that "under today's law" the defendant's "prior conviction today would not subject him to the 851 enhancement"). The government rightly did not appeal the ruling in *Garcia*, as it was correct. As argued below, and improperly disregarded by the district court, a similar ruling based on a similar weighing of not only the reduced minimum mandatory but the reduced Guideline range as well, should have occurred here. There is no assurance from the district court's order that it understood the significance of these intervening changes in law under § 3553(a). And that was a procedural error that independently warrants reversal and remand for reconsideration of Mr. Mojica-Renteria's motion at this time.

Notably, consideration of the correctly calculated advisory Guideline (here the non-Career Offender) range under current law, is a specifically-mandated factor for consideration under § 3553(a)(4)(A). And indeed, intervening changes in both statutory law and the advisory Guideline range also necessarily impact the need "to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), and Congress' over-arching mandate in §3553(a) that the sentence imposed be "sufficient, but not

greater than necessary, to comply with the purposes" set forth in § 3553(a)(2). Here, however, the district court disregarded every one of these § 3553(a) considerations, as impacted by not only the statutory penalty change but the reduction in the Guideline imprisonment range after *Dupree* as well. As such, the court's order cannot be upheld.

This Court was clear in *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021) that where as here Congress has "expressly require[d] consideration of the §3553(a) factors, a district court abuses its discretion when it fails to consider them." *Id*. at 1183-84. And, since the court here erroneously believed Mr. Mojica-Renteria remained a Career Offender despite *Dupree*, its bare recital of several § 3553(a) factors at the conclusion of its order cannot clothe its "discretionary" denial of relief with legitimacy.

As is true in a Section 404 proceeding, a district court's threshold error as to eligibility for relief, can undermine an alternative "discretionary" denial of relief. *See United States v. Jones*, 962 F.3d 1290, 1305 (11th Cir. 2020); *Unites States v. Samuel*, 823 F. App'x 880, 884 (11th Cir. Aug. 20, 2020) (the possibility that the court's "error of law may have influenced its decision to deny a discretionary reduction" was

sufficient to vacate and remand for reconsideration of the motion with a correct understanding of the law).

And, as the Ninth Circuit correctly explained in the §3582(c)(2) context, if the record is even ambiguous as to whether a district court understood or misapprehended the "breadth of the § 3553(a) factors," reversal is required. *Lizrraras-Chacon*, 14 F.3d at 968 (directing the district court on remand to "consider the fullest information possible, including the intervening changes in the law raised by Defendant, to ensure that the sentence is sufficient but not greater than necessary").

The Court should so hold, and direct the district court similarly on remand here.

**B. The order likewise does not confirm the district court engaged in "reasoned consideration" of Mr. Mojica-Renteria's individualized arguments for a reduced sentence under 18 U.S.C. § 3553(a)—including that he was not a danger to anyone in our community since he will be deported—as none of his individualized arguments were acknowledged, let alone addressed.**

Beyond the fact that the court did not consider the above-listed § 3553(a) factors which were directly impacted by significant changes in both the applicable statutory and Guideline penalties, the order below

cannot be upheld for an additional reason. Specifically, it fails to confirm the court considered Mr. Mojica-Renteria's fact-specific § 3553(a) arguments in mitigation. For indeed, the court indisputably did *not* even acknowledge in its order, let alone specifically address, *any* of Mr. Mojica-Renteria's non-frivolous individualized arguments under § 3553(a) for a reduced sentence. And under both Supreme Court and Circuit precedent, such an omission requires reversal and remand for specific consideration of these overlooked arguments.

In *Rita v. United States*, 551 U.S. 338 (2007), the Supreme Court specified what type of explanation the district court must provide in imposing a sentence. Although "brevity or length" will "depend upon [the specific] circumstances" of the case, the Court held, a district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own decisionmaking authority." 551 U.S. at 356. Particularly where a defendant presents a "nonfrivolous reason for imposing a different sentence," the Court noted, a judge will "normally" "explain why he has rejected those arguments." *Id.* at 357.

As the Court confirmed in *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021), the same rule applies in a § 3582(c)(1)(A) proceeding for a sentence reduction. In *Cook*, the Court explained that where as here a district court does not conduct a hearing before denying a motion for sentence reduction under § 3582(c)(1)(A), its "only insight into [the court's] reasoning must come from its order." *Id.* at 1184. And indeed, the Court confirmed that as in other sentencing contexts, in denying a motion for sentence reduction under § 3582(c)(1)(A)(i) the district court "*must explain* its decision adequately enough to allow for meaningful appellate review." *Id.* at 1184-85 (citation omitted)) (emphasis added).

What that means in ***every*** sentencing context—even in Section 404 proceedings where specific consideration of the § 3553(a) factors is not expressly required—is that the record must at "minimum" show that the court engaged in the "reasoned consideration" of the defendant's arguments for a lower sentence. *United States v. Stevens*, 997 F.3d 1307, 1317-18 (11th Cir. 2021) (specifically citing *Rita* in reversing the denial of a Section 404 motion, holding that the district court failed to provide the "minimum explanation" necessary to uphold its discretionary denial,

because it did not confirm the court's "reasoned consideration" of the defendant's arguments in mitigation).

But in the § 3582(c)(1)(A) context specifically, where consideration of the § 3553(a) factors is *statutorily mandated*, the district court additionally "*must ensure* that the record reflects that it considered the [applicable] § 3553(a) factors." *Cook*, *id.* at 1185 (emphasis added). And that requires that record confirm that the district court considered the defendant's arguments as to the factors.

In *Cook*, the Court found, there was nothing in the district court's order that would reflect that it "considered, balanced, or weighed" any of the defendant's arguments as to the § 3553(a) factors that supported his motion. *Id.* And that is true here as well. Indeed, the mere fact that the court recited that it had "reviewed pertinent portions of the record" and was "duly advised in the premises," and stated in its final paragraph *without explanation* that a reduction in sentence would not provide respect for the law, just punishment, specific and general deterrence, and the need to avoid unwarranted disparities, DE 87:5, hardly provides such assurance. The recitals in the order here are not qualitatively different than in *Cook*, where the district court merely stated that it was "fully

advised in the premises"—which this Court found insufficient to "show that it considered all that it must consider." *Id.* Such "boilerplate," the Court noted "provides no insight into the district court's reasoning." *Id.* On the deficient record in *Cook*, the Court held, it could not "simply assume the district court considered all that it must." And it therefore reversed. *Id.* at 1186.

The Court should do so for similar and additional reasons here. Indeed, on this record it is impossible to assume the court considered "all that it must" for several reasons.

First, the district court judge who denied Mr. Mojica-Renteria's § 3582(c)(1)(A) motion was not the original sentencing judge (as in *Cook*, 998 F.3d at 1185-86, and *United States v. Eggersdorf*, 126 F.3d 1318 (11th Cir. 1997)). Rather, the case was transferred to Judge Marra long after the 2014 sentencing.

Second, there is no evidence of record that the court considered Mr. Mojica-Renteria's arguments as to the individualized factors in his case. The court made ***no*** mention in its order of his demonstrated rehabilitation over the last 10+ years; ***or*** the fact that the instant offense did not involve violence; ***or*** that Mr. Mojica-Renteria was not involved in

any violence or with drugs during his time in BOP custody, and had only 3 minor disciplinary infractions over that lengthy time period; ***or*** the Commission's own data-driven recognition that recidivism declines with age; ***or*** that the BOP itself had specifically classified Mr. Mojica-Renteria at this juncture as "low risk of recidivism;" ***or*** Mr. Mojica-Renteria's specific argument that he would pose no danger to anyone since he would be deported upon release from custody.

On the latter point, as argued below, and unfairly ignored by the district court, even prior to the current administration's push to seal the U.S. Southern Border, numerous judges—both in the Southern District of Florida and throughout the country—had found that where as here a defendant is subject to removal upon release, that factor makes the likelihood his release would pose any threat to the community "exceedingly minimal." *United States v. Evans*, 759 F.Supp.3d 1247, 1271 (S.D. Fla. 2024).[1] And indeed, although Mr. Mojica-Renteria

[1] Notably, even prior to the Commission's 2023 amendment to § 1B1.13, in *United States v. Vasquez*, No. 05-cr-20792-COOKE, DE 448 (S.D. Fal. June 21, 2021), a judge who granted compassionate release to a deportable alien, rightly noted that "Defendant is not asking for release into the community." She ordered that upon release, he be "immediately transferred to appropriate ICE authorities for removal proceedings" upon release. The district court could and should have done the same here.

pressed this point in his pleadings, and deportation is directly relevant to the need for the sentence imposed to "afford adequate deterrence to criminal conduct" under § 3553(a)(2)(B), and to "protect the public from further crimes of the defendant" under § 3553(a)(2)(C), the court—in its order—disregarded the significance of Mr. Mojica-Renteria's deportation entirely.

That, in and of itself, was an abuse of discretion warranting a remand for reconsideration at this time, particularly since the situation at the Southern Border has changed radically in the last six months. Notably, the current administration advises that it has achieved a "93% decrease in illegal crossings along the southwest border" when compared to the prior year. *See* "CBP Releases May 2024 Monthly Update, available at https://www.cbp.gov/newsroom/national-media-release/cbp-releases-may-2025-monthly-update (last accessed, July16, 2025).

The Court should order the district court on remand to reconsider Mr. Mojica-Renteria's arguments in light of the recently changed enforcement situation at the Southern Border, and his own personal changed circumstances after serving over 11 years in prison for the instant crimes. The likelihood that he would ever even attempt to reenter

this country is minimal, if not non-existent, at this time. And that should have weighed heavily in favor of early release, rather than maintaining the current sentence at great cost to the U.S. taxpayer (a valid concern, voiced by Judge Ryskamp in 2014).

In sum, the court here failed to address (or even acknowledge) any of Mr. Mojica-Renteria's actual arguments under §3553(a) for a reduced sentence. Returning to the framework of *Rita*, Mr. Mojica-Renteria's actual arguments in mitigation were most definitely *not* "frivolous." The changes in law he identified, his personal growth over the years, the BOP's determination that he posed a "low risk of recidivism," and his indisputable deportability, are factors that have weighed heavily in favor of granting early release in other § 3582(c)(1)(A) cases. Here, the district court ignored all of Mr. Mojica-Renteria's arguments, and cited authorities, on the important § 3553(a) factors. At very minimum, the court's vague § 3553(a) ruling cannot be meaningfully reviewed.

## CONCLUSION

Based on the foregoing argument and authority, the Court should vacate the decision below and remand for reconsideration of Mr. Mojica-Renteria's motion to reduce sentence.

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

*/s/ Brenda G. Bryn*

Brenda G. Bryn
Assistant Federal Public Defender
Attorney For Appellant
One E. Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
Telephone No. (954) 356-7436

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this brief complies with the type-volume limitation and typeface requirements of Fed. R. App. P. 32(a)(7)(B), because it contains 12,466 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief also complies with the requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Century Schoolbook.

*/s/ Brenda G. Bryn*
Brenda G. Bryn
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 18th day of July, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via CM/ECF on Daniel Matzkin, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

s/ *Brenda G. Bryn*
Brenda G. Bryn
Assistant Federal Public Defender